**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LORRAINE FREEMAN, | Case No. 1:15-cv-01031---BAM |
| Plaintiff, | **SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | (ECF No. 1) |
| | THIRTY-DAY DEADLINE |
| COMMISSIONER OF SOCIAL SECURITY, CAROLYN COLVIN | |
| Defendant. | |

## INTRODUCTION

Plaintiff Lorraine Freeman ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant action against the Commissioner of Social Security on July 6, 2015. Plaintiff's complaint is currently before the Court for screening.

**A. Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court applies the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of

1

a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678.

### B. Plaintiff's Allegations

Plaintiff's complaint is a challenge to the Social Security Administration's policies, practices and procedures. In essence, it appears to be a delineation of Plaintiff's dissatisfaction with the Social Security system and its employees. Plaintiff contends that (1) Social Security personnel have an economic conflict of interest and lack accountability; (2) there is high error rate in the denial of benefits; (3) the agency has a culture of intimidation, suppression and disrespect for the rights of the disabled; (4) filing an appeal in federal court is difficult; (5) the procedures for benefits and appeals are timely and confusing; and (6) the appeals council does not correct administrative errors.

Plaintiff also appears to be appealing a decision of the Commissioner of Social Security denying her benefits. (Doc. 1 at 14-15.)

## DISCUSSION

Plaintiff may not seek relief for her apparent dissatisfaction with the Social Security Administration and its policies, practices and procedures in this action. The federal government and its agencies, including the Social Security Administration, are immune from suit absent a waiver of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Social Security Act contains a narrow waiver of sovereign immunity, which only provides for judicial review of a final decision of the Commissioner of Social Security. *See* 42 U.S.C. §§ 405(g), (h). Therefore,

Plaintiff's apparent challenge to the entirety of the Social Security system, including its policies, procedures and practices, is not cognizable as there has been no waiver of sovereign immunity for these claims.

However, it appears that Plaintiff also is attempting to appeal a decision rendered by the Commissioner of Social Security denying her social security benefits. Judicial review of the Commissioner's administrative decisions is governed by section 405, subdivisions (g) and (h), of the Social Security Act, which states in relevant part:

> (g) Judicial review
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> . . .
>
> (h) Finality of Commissioner's decision
>
> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. §§ 405(g), (h).

These subdivisions operate as a statute of limitations establishing the time period in which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Courts must strictly construe the applicable time limit because, as noted above, the appeal provision set forth in 42 U.S.C. § 405(g) constitutes a waiver of sovereign immunity. *Id.; see also Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir. 2000) (affirming summary judgment in favor of the Commissioner for untimely filing of one day). Therefore, "a complaint appealing the Commissioner's denial of an application for

social security benefits must allege the dates of the plaintiff's application(s) and the related denial(s)." *Barrera v. Comm'r of Soc. Sec.*, No. 1:13-cv-00024-BAM, 2013 WL 593382, at *2 (E.D. Cal. Feb. 14, 2013); *see also Cook v. Astrue*, No. 1:12-cv-00347 GSA, 2012 WL 812380 at *3 (E.D. Cal. Mar. 9, 2012); *Sanchez v. Astrue*, No. 1:11-cv-00607 GSA, 2011 WL 1549307 at *2–3 (E.D. Cal. 2011). The plaintiff must also allege that she appealed the administrative law judge's decision to the Appeals Council, setting forth the application date, the decision date, and the outcome of the appeal. *Barrera*, 2013 WL 593382 at *2.

Here, Plaintiff has not provided any information regarding her claim for social security benefits. For instance, Plaintiff has not identified whether she is seeking disability benefits, social security income or both. She also has not specified dates related to her application(s) and any related denials. It also appears from her allegations that this appeal is not timely. Indeed, Plaintiff's complaint suggests that she has not filed this action within the time specified or received an extension of the relevant deadline. (Doc. 1 at 5-6, 13.) Additionally, the complaint does not clearly allege any basis demonstrating that the Commissioner's decision was in error. Rule 8 requires a plaintiff to assert the basis upon which she grounds her claim. *See Brown v. Astrue*, 2011 WL 3664429 (D.N.H.2011) ("The complaint's sole assertion of a basis for relief is that Brown feels the SSA decision was wrong. While § 405(g) does not require that a complaint spell out the basis upon which relief might be granted, Rule 8(a) requires a civil plaintiff to assert the basis upon which he grounds his claim. Plaintiff here has not done so."). Plaintiff will be granted leave to amend the complaint to the extent that she can do so in good faith. Plaintiff's amended complaint must set forth the factual basis for her claims. Additionally, Plaintiff must establish that her complaint is properly before this Court and is timely.

## **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a cognizable claim upon which relief can be granted. As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

complaints).

In the amended complaint, Plaintiff shall clearly and succinctly state the facts necessary to state a claim upon which relief may be granted. Fed. R. Civ. P. 8(a). Plaintiff should omit any case law, legal analysis or argument.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a cognizable claim;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint;

**3. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **October 2, 2015**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE