**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LORRAINE FREEMAN, | Case No.: 1:15-cv-01031-BAM |
| Plaintiff, | **ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

**INTRODUCTION**

Plaintiff Lorraine Freeman ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 405(g), 1383(c)(3). The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Judge Barbara A. McAuliffe, United States Magistrate Judge.[2] Having considered the moving papers and the Court's file, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record. Accordingly, the Court affirms the Commissioner's determination.

**FACTS AND PROCEEDINGS**

Plaintiff filed her DIB application on February 7, 2013 and her SSI application on February 28, 2013, alleging disability beginning March 24, 2009. AR 129, 158. Plaintiff's claims were denied

---

[1] Nancy A. Berryhill is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to conduct all further proceedings in this case before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. (Docs. 5, 15).

1

initially and again on reconsideration.  AR 218-21, 235-39.  Plaintiff subsequently filed a written request for a hearing before an ALJ.  AR 91-92.  On November 5, 2014, the ALJ held a hearing; Plaintiff, her attorney representative, and a vocational expert ("VE") testified.  AR 35-73.  In a decision dated January 23, 2015, the ALJ found that Plaintiff was not disabled within the meaning of the Act.  AR 18-28.  Plaintiff requested a review of the ALJ's decision, and the Appeals Council denied Plaintiff's request.  AR 1-3.  This appeal followed.

**Hearing Testimony**

The ALJ held a hearing on November 5, 2014, in Fresno, California. AR 35-73. Plaintiff appeared and testified. AR 35. She was represented by attorney Fei Lu. AR 35.

Plaintiff was born on July 2, 1958, and was 56 years old at the time of the hearing. AR 314. Plaintiff testified that she has a high school diploma and three years of college.  AR 42.  She has an adult son, but lives alone on a ranch.  AR 54.

Plaintiff testified she suffers primarily from a neck disorder.  AR 43.  She had a "four-level fusion" surgery on her neck in 2009.  AR 45.  While surgery initially helped, over time she has developed other problems stemming from her neck pain including headaches and numbness in her hands.  AR 45.

For her impairments, Plaintiff testified that she took Lunesta for sleep difficulties and received injections every three months for musculoskeletal problems.  AR 47.  She stated that she stopped taking pain medication because of the side effects. AR 47–48. Plaintiff uses a cane but she testified that it was not prescribed. AR 54.

When asked about her daily activities, Plaintiff reported that she is a student at the University of California, Merced, where she was taking three classes.  AR 55.  She testified she was getting A's in her classes. AR 57.  While at school, Plaintiff receives special accommodations including a special chair and an adjustable table so that she could alternate between sitting and standing.  AR 61.  Plaintiff regularly walks her dog on her ranch.  She guessed that it takes anywhere between 15 to 30 minutes to walk the ranch's 23 acres.

Near the conclusion of Plaintiff's testimony, the ALJ asked Plaintiff to describe her previous work experience, which the vocational expert classified as a systems programmer (Dictionary of

Occupational Titles ("DOT") 030.162-010) and computer programmer (DOT 030.162-010). AR 67–68. The ALJ then asked the VE to assume a hypothetical individual with Plaintiff's age, education, and work experience, who could perform sedentary work but was limited to occasional overhead reaching, climbing, ramps, stairs, and kneeling but no working around unprotected heights. AR 69. The ALJ testified that individual could perform Plaintiff's past relevant work. AR 70.

### **Medical Record**

The entire medical record was reviewed by the Court. AR 316-566. The medical evidence will be referenced below as necessary to this Court's decision.

### **THE ALJ'S DECISION**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. AR 20. Second, the ALJ determined that Plaintiff had the severe impairment of cervical disc disease. AR 20. The ALJ concluded, however, that Plaintiff did not have a listed impairment or combination of impairments. AR 22.

After carefully reviewing the entire record, the ALJ found that Plaintiff had the residual functional capacity (RFC) to lift and carry no more than 10 pounds; stand and walk for two hours in an eight-hour workday; sit for six hours in an eight-hour workday; occasionally engage in overhead work; frequently perform all other reaching; occasionally climb ramps and stairs; occasionally kneel; frequently balance, stoop and crouch; occasionally work around moving machinery; but precluded from climbing ladders, ropes, or scaffolds, crawling, working around unprotected heights or in extreme cold. AR 22. At the fourth step, the ALJ found Plaintiff could perform her past relevant work as a computer programmer/systems programmer and therefore she was not disabled. AR 27-28.

### **DISABILITY STANDARD**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or

her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. section 405(g), a Court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006) (*citing Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. *Robbins*, 466 F.3d at 882 (*citing Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. *Robbins*, 466 F.3d at 882 (*citing Flaten*, 44 F.3d at 1457).

**DISCUSSION[3]**

**1. The ALJ Properly Weighed the Medical Evidence**

Plaintiff first argues that the ALJ's treatment of the medical opinion evidence constituted error. (Doc. 25 at 5). Specifically, Plaintiff argues that the ALJ failed to provide specific and legitimate reasons for discounting the opinions of her treating physicians Drs. Singh and Lee and her retained examining physician Dr. Dhawan. In response to Plaintiff's argument, the Commissioner counters that the ALJ properly considered the weight of the medical evidence.

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

4

### A. Plaintiff's Treating Physicians Drs. Singh and Lee

Plaintiff was seen by Harwinder Singh, M.D., a physiatrist, between September 2011 and October 2014 in connection with a work-related injury. Based on several visits, Dr. Singh opined the following:

> Looking at the patient's limited mobility and having difficulty in performing activities of daily living and self-care, recent MRI of cervical spine from October 31, 2011 showing status post C4 through C7 spinal fusion and diffused neuroforaminal narrowing at various levels neuropathic pain in bilateral upper extremity, severe occipital headaches, cerviogenic in origin, advanced degenerative arthritis of mid and lower back, I do not see her going back to any gainful employment. Therefore the patient should be considered permanent total disable[d].

AR 430.

Stephen Lee, M.D., another treating physician, submitted a note from October 2014 stating that Plaintiff should not continue working as a computer programmer. AR 516.

### B. Plaintiff's Examining Physicians Drs. Van Kirk and Dhawan

On January 31, 2014, consultative examining orthopedist Dale H. Van Kirk, M.D. conducted a comprehensive orthopedic examination and evaluated Plaintiff's physical functional capabilities. AR 454–55. On examination, Dr. Kirk found that Plaintiff was able to get on and off the examination table, take a few steps, and squat down without difficulty. AR 454. Plaintiff's straight leg raising test was negative, and her sensory examination showed intact senses in the bilateral upper and lower extremities. AR 454–55. Plaintiff exhibited neck pain and limited range of motion in her cervical and dorsolumbar spine. AR 454. Dr. Van Kirk diagnosed Plaintiff with status post four-level anterior cervical decompression and fusion, with significant restriction of motion and chronic pain and chronic thoracolumbar musculoligamentous strain/sprain, likely associated with degenerative disc disease. AR 455. Dr. Van Kirk opined Plaintiff was essentially capable of performing light work including: lifting and carrying 10 pounds frequently and 20 pounds occasionally; standing and walking for six hours in an eight-hour workday; sitting without restriction; and she could frequently climb, push, pull, balance, stoop, kneel, crouch, and crawl. AR 455. He also found that Plaintiff was precluded from engaging in repetitive overhead work and working in extremely cold or damp environments. AR 455.

On October 13, 2014, Deepak Dhawan, M.D., a physician that Plaintiff retained in connection with her application for disability benefits, examined Plaintiff. AR 548– 55.  Dr. Dhawan found Plaintiff had stiffness in her neck, limited range of motion and tenderness in her cervical spine and paraspinal muscle, and decreased flexion in her lumbar spine. AR 551.  He diagnosed cervical disc disease, status post spinal fusion; severe cervicoscapular myofascial pain; chronic severe headaches; and degenerative joint disease of the spine. AR 550–551.  He opined Plaintiff was unable to work for eight hours a day or forty hours a week. AR 553–55. He stated that since November 10, 2011, Plaintiff was capable of lifting and carrying no more than 10 pounds occasionally and five pounds frequently; standing and walking four hours in an eight-hour workday; and sitting for two to three hours in an eight-hour workday. AR 553–55.  He assessed moderate grasping, turning and twisting objects with her bilateral hands; marked use of her left hand and fingers for fine manipulation; and marked reaching with her bilateral hands.  AR 553–55.  He claimed she would frequently experience pain and fatigue; experience interference with her attention and concentration; require unscheduled breaks for a half hour every two to three hours; would miss more than three days of work a month; and would need to get up from a seated position every one to two hours for half an hour.  AR 553–55.

### C. State Agency Reviewing Physician Dr. Bonner

State agency reviewing physician J. Bonner, M.D., reviewed the record and found that Plaintiff was capable of lifting and carrying up to 20 pounds occasionally and 10 pounds frequently, standing and walking four hours in an eight-hour workday, sitting about six hours in an eight-hour workday, frequently climbing ramps and stairs, balancing, stooping, and crouching, occasionally kneeling, never crawl, was limited in her ability to reach in front or laterally with her bilateral hands, and should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and workplace hazards such as moving machinery and exposed heights. AR 174–86.

### D. Legal Standard

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion

of doctors who do not treat the claimant . . . ." *Lester*, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. *Lester*, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id*. at 831. In addition, greater weight should be given to the "'opinion of a specialist about medical issues related to his or her area of specialty.'" *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(5)). Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (*quoting Bray v. Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1228 (9th Cir. 2009)).

**D.     Analysis**

As outlined above, the record contained various conflicting physician opinions regarding Plaintiff's physical functional capabilities ranging from light work to totally incapacitated. Plaintiff's treating physicians and hired examining physician found her completely unable to perform full time work whereas the agency physicians (both reviewing and examining) found her capable of performing work at the light exertional level. The ALJ noted these divergent opinions and weighed them as follows:

> The two opinions of treating physician Dr. Singh both limit the claimant to a less than sedentary exertional level. The undersigned gives only some weight to these opinions. The doctor's opinion contrasts sharply with other evidence of record, particularly the opinion of consultative examiner Dr. Van Kirk. This renders Dr. Singh's opinion less persuasive.
>
> The undersigned gives substantial weight to the opinion of Dr. Van Kirk, who opined the claimant was capable of working at a light exertional level, with postural, manipulative and environmental limitations. This opinion was based upon a thorough,

7

> well-documented examination. Additionally, Dr. Van Kirk is Board-certified in orthopedics, which gives his opinion greater weight. After reviewing the medical evidence and observing the claimant at the hearing, I have reduced her exertional level to sedentary.
> …
> No weight is given to the opinions of Dr. Stephen Lee that the claimant would be unable to continue her work as a computer programmer. There is no indication who this doctor is, when he saw the claimant, or what this opinion is based upon. The opinion was not accompanied by any medical signs or laboratory findings.
>
> Little weight is accorded to the opinion of Dr. Dhawan who saw the claimant one time. Of further concern, the doctor stated the symptoms and limitations had been present since November 2011, three years before Dr. Dhawan had ever seen the patient. The Disability Impairment Questionnaire is similar to the Pain Assessment form completed by Dr. Singh in October 2014. Both of these forms have been filled out by hand, except for typed dates of onset on both of forms of November 10, 2011. This suggests this date was completed by some other party before either doctor was presented with the form, and undermines the accuracy of the opinions contained herein.

AR 25-26.

Overall, in resolving the conflicting opinions, the ALJ explained that he attributed "significant weight" to Dr. Van Kirk's examining opinion; "some weight" to Dr. Singh's treating opinion; "little weight" to Dr. Dhawan's examining opinion; and "no weight" to Dr. Lee's treating opinion. AR 24–25. The ALJ supported that assessment by providing specific and legitimate reasons.

First, the ALJ properly provided no weight to the one-sentence opinion provided by Dr. Lee. Without any supporting objective findings, analysis or explanation, Dr. Lee provided an opinion claiming that "Ms. Freeman has been advised that she should not continue employment as a computer programmer." AR 516. The ALJ noted that he could not rely on Dr. Lee's opinion because it lacked basic supporting detail such as when Dr. Lee treated Plaintiff, who Dr. Lee is, and the test results or clinical findings supporting his conclusions. The ALJ was thus entitled to reject Dr. Lee's opinion as an inadequately supported physician's opinion. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Second, the ALJ correctly provided reduced weight to the opinion of Dr. Dhawan because the suspicious circumstances surrounding Dr. Dhawan's "Disability Impairment Questionnaire"

undermined the accuracy of his opinion. AR 26. This was an appropriate consideration. Citing the visual similarity between the forms completed by Drs. Singh and Dhawan, the ALJ noted that Dr. Dhawan's form included a pre-filled disability onset date occurring "three years before Dr. Dhawan had ever seen the patient." AR 26. The implication noted by the ALJ was that portions of the form signed by Dr. Dhawan may have been "completed by some other party before [he] was presented with the form." AR 26.

The ALJ is responsible for determining credibility and resolving conflicts in medical testimony. *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (quotations omitted). Although the Ninth Circuit has held that "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them," the Ninth Circuit has permitted an ALJ to question a doctor's credibility based on the circumstances surrounding the medical opinion. *See Burkhart v. Bowen*, 856 F.2d 1335 (9th Cir. 1988). In *Burkhart*, the Ninth Circuit explained that the ALJ appropriately questioned the credibility of a medical report solicited by Plaintiff's counsel as it was "a permissible credibility determination given the evidence before the ALJ." *Id.* at 1339. "Evidence of the circumstances under which [a] report [is] obtained and its consistency with other records, reports, or findings [can] form a legitimate basis for evaluating the reliability of the report." *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998).

Here, in questioning the credibility of Dr. Dhawan's medical opinion, the ALJ provided "additional evidence demonstrating impropriety." *Case v. Astrue*, 425 Fed. Appx. 565, 566 (9th Cir. 2011). The ALJ noted that Dr. Dhawan found Plaintiff experienced disabling limitations since November 2011, over three years before he had even met Plaintiff. AR 25, 555. Contrary to Plaintiff's assertions, the retrospective nature of Dr. Dhawan's opinion reasonably undermined his findings. *See Magallanes v. Bowen*, 881 F.2d 747, 754 (9th Cir. 1989) (holding treating physician's retrospective opinion, with no personal knowledge of claimant's historical condition, was not entitled to deference). The pre-printed form signed by Dr. Dhawan also legitimately raised suspicions that Dr. Dhawan did not fill out the entire form himself. AR 26, 555. Given the actual improprieties acknowledged by the ALJ, it was not error for the ALJ to credit the agency's examining opinion over the opinion of the examining physician hired by Plaintiff. *See also Hernandez v. Colvin*, 2013 U.S. Dist. LEXIS 112147,

2013 WL 4041862 at *32-37 (E.D. Cal. Aug. 7, 2013) (finding the ALJ was appropriate to question the motivations of a physician who prepared a last minute perfunctory form provided by Plaintiff's attorney.).

The ALJ also provided specific and legitimate reasons for discounting Dr. Singh's opinion. A complete reading of the hearing decision reveals that the ALJ favored the opinion of examining physician Dr. Van Kirk, which (1) was detailed and explained the doctor's reasoning and conclusions, (2) was consistent with Plaintiff's medical record, and was consistent with the opinions of the nonexamining agency physician, over the outlier opinion of treating physician Dr. Singh, which (1) "sharply contrasted" with the other evidence in the record.

Dr. Singh opined that Plaintiff could lift and carry less than five pounds, keyboard for less than fifteen minutes per hour, and "should be considered permanently and totally disabled." These limitations, however, are extreme in light of the other credible evidence in the record. Drs. Van Kirk and Bonner found that Plaintiff could lift up to twenty pounds, and Dr. Dhawan found Plaintiff could lift up to 10 pounds. AR 22, 184, 455, 553, 560. Further contrasting Dr. Singh's opinion, Drs. Van Kirk and Bonner also found that Plaintiff could perform full time work at the light exertional level. AR 184, 455, 553, 560. The ALJ weighed Dr. Singh's findings against the findings of both the consultative examiner and the state agency reviewing physician and looking at the record as a whole, the Court cannot find error in the ALJ's overarching finding that Dr. Singh's opinion was overly restrictive and therefore not entitled to great weight.

Ultimately, it is the ALJ's province to synthesize the medical evidence. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007) ("When evaluating the medical opinions of treating and examining physicians, the ALJ has discretion to weigh the value of each of the various reports, to resolve conflicts in the reports, and to determine which reports to credit and which to reject."). Moreover, as noted above, an ALJ is not required to accept the opinion of any physician if the opinion is brief, conclusory, and inadequately supported by clinical findings. *Thomas*, 278 F.3d at 957. Where, as here, a physician's opinion is contradicted by the opinion of another physician, the ALJ is required to do no more than provide specific and legitimate reasons for discounting that physician's opinion. *Lester*, 81 F.3d at 830-31. The ALJ did so here.

**2.     The ALJ did not err in Determining Plaintiff's Physical RFC**

In addition to her specific contentions regarding the sufficiency of the ALJ's reasons for his evaluation of the medical opinion evidence, Plaintiff contends that the ALJ erred more broadly in finding that Plaintiff's RFC fell somewhere in between the least restrictive and most restrictive medical opinions in the record (that is, between "light work" (the RFC assigned by Drs. Van Kirk and Bonner) and "totally incapacitated" (the assessment of Drs. Lee, Singh, and Dhawan). Plaintiff contends that in taking a middle ground and finding that Plaintiff had an RFC for a range of less than sedentary work, the ALJ's opinion was improper. (Doc. 25 at 5-9).

Plaintiff is incorrect. In assessing a claimant's RFC, the ALJ must apply the proper legal standards for evaluating medical opinion evidence. *See* 20 C.F.R.§§ 404.1527, 416.927; *Lester*, 81 F.3d 830-831. However, "it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) (citing 20 C.F.R. § 404.1545); see SSR 96-5P, 1996 SSR LEXIS 2 at *5, 1996 WL 374183, at *1 (stating that "final responsibility for deciding issues such as" an individual's RFC and whether the individual is "disabled" under the Social Security Act "is reserved to the Commissioner"). While it is true that an ALJ "is not qualified to interpret raw medical data in functional terms," *Padilla v. Astrue*, 541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008), the ALJ is not precluded from making an RFC finding that differs from assessments contained in medical source statements.

The ALJ's RFC finding is an "administrative finding of fact" and "is based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements'—i.e., opinions about what the individual can still do despite his or her impairment(s)—submitted by an individual's treating source or other acceptable medical sources." SSR 96-8P, 1996 SSR LEXIS 5 at *5-6, 1996 WL 374184, at *2 & n.4 (emphasis added). "Even though the adjudicator's RFC assessment may adopt the opinions in a medical source statement, they are not the same thing[.]" SSR 96-5P, 1996 SSR LEXIS 2 at *10, 1996 WL 374183, at *4. "A medical source statement is evidence that is submitted to SSA by an individual's medical source reflecting the source's opinion based on his or her own knowledge, while an RFC assessment is the adjudicator's ultimate finding based on a consideration of this opinion and all the other evidence in the case record

11

about what an individual can do despite his or her impairment(s)." SSR 96-5P, 1996 SSR LEXIS 2 at *10, 1996 WL 374183, at *4. The ALJ did not err merely because he found that Plaintiff's RFC fell between the levels posited by the physicians who assessed Plaintiff's functional capacity.

### 3. The ALJ did not err in Finding Plaintiff's Testimony Partially Credible

Plaintiff also argues that the ALJ erred in discounting her credibility. Specifically, Plaintiff argues that it was error for the ALJ to rely on her ability to attend university in partially rejecting her credibility. (Doc. 25 at 13-14). "An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (internal punctuation and citations omitted). Determining whether a claimant's testimony regarding subjective pain or symptoms is credible, requires the ALJ to engage in a two-step analysis. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). The ALJ must first determine if "the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptom alleged." *Lingenfelter*, 504 F.3d at 1036. This does not require the claimant to show that her impairment could be expected to cause the severity of the symptoms that are alleged, but only that it reasonably could have caused some degree of symptoms. *Smolen*, 80 F.3d at 1282.

Second, if the first test is met and there is no evidence of malingering, the ALJ can only reject the claimant's testimony regarding the severity of her symptoms by offering "clear and convincing reasons" for the adverse credibility finding. *Carmickle v. Commissioner of Social Security*, 533 F.3d 1155, 1160 (9th Cir. 2008). The ALJ must specifically make findings that support this conclusion and the findings must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (internal punctuation and citations omitted). Factors that may be considered in assessing a claimant's subjective pain and symptom testimony include the claimant's daily activities; the location, duration, intensity and frequency of the pain or symptoms; factors that cause or aggravate the symptoms; the type, dosage, effectiveness or side effects of any medication; other measures or treatment used for relief; functional restrictions; and other relevant factors. *Lingenfelter*, 504 F.3d at 1040; *Thomas*, 278 F.3d at 958. In assessing the claimant's credibility, the ALJ may also consider "(1) ordinary techniques of credibility evaluation, such as the

<em>Case 1:15-cv-01031-BAM   Document 33   Filed 02/09/17   Page 13 of 14</em>

claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; [and] (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment. . . ." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (*quoting Smolen*, 80 F.3d at 1284).

The ALJ found that Plaintiff's allegations were not fully credible because she testified that she is attending college, on a full time basis, and traveled regularly on a long commute, all while maintaining excellent grades. AR 27. Plaintiff argues that the ALJ's finding that she attends college does not support a finding that Plaintiff's daily activities are transferrable to a work setting. However, Plaintiff's past relevant work is in computer programming. Plaintiff testified that she has extreme difficulties turning her neck, she cannot sit for longer than fifteen minutes, and has debilitating headaches. AR 46, 51. Plaintiff's ability to attend school—24 to 27 miles away from her home—take a full course load (AR 57), and make straight A's is inconsistent with her allegations regarding the severity of her pain and her physical limitations. The ALJ properly considered that Plaintiff's allegations regarding the severity of her physical symptoms were inconsistent with her ability to attend school full-time. S*ee Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (ALJ may consider inconsistencies between the claimant's testimony and his conduct in determining credibility).

This was a clear and convincing reason supported by substantial evidence in the record. Credibility determinations "are the province of the ALJ," and where the ALJ makes specific findings justifying a decision to disbelieve an allegation of excess pain which is supported by substantial evidence in the record, this Court does not disturb that decision. *Fair*, 885 F.2d 597, 604 (9th Cir. 1989) (citation omitted). Therefore, Plaintiff's challenge on this ground fails.

///
///
///
///
///
///
///

<em>13</em>

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security and against Plaintiff, Lorraine Freeman.

IT IS SO ORDERED.

Dated:  **February 8, 2017**                    /s/ *Barbara A. McAuliffe*
                                                             UNITED STATES MAGISTRATE JUDGE